**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 1998**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

BOYD A. SHERWOOD, CURTIS T.
SHERWOOD, JERALD L.
SHERWOOD,

        Plaintiffs - Appellants,

    v.

PANHANDLE EASTERN PIPE LINE
COMPANY,

        Defendant - Appellee.
-----------------------------------------
ANADARKO GATHERING
COMPANY,

        Intervenor - Appellee.

No. 97-3024

(D. Kansas)

(D.C. No. 96-CV-1331)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Boyd A. Sherwood, Curtis T. Sherwood, and Jerald L. Sherwood brought this diversity action against Panhandle Eastern Pipe Line Company seeking a declaratory judgment that a lease between the Sherwoods and Panhandle was canceled, terminated, or abandoned when Panhandle executed an assignment of the lease to Anadarko Gathering Company. In a separate action against Anadarko, later joined with the Panhandle suit, the Sherwoods alleged forcible entry and unlawful detainer, and sought possession of the leasehold.

These actions were based on the following provision of the lease: "This lease may not be assigned by Lessee without written permission from Lessor and terms of lease shall be renegotiated." App. Vol. II, Tab L at 93. It is undisputed that the Sherwoods did not consent to any assignment of the lease, and terms of the lease were not renegotiated. It is also undisputed that approximately five months after the "assignment" from Panhandle to Anadarko, and after the Sherwoods had filed suit, Panhandle and Anadarko executed a document voiding the assignment *ab initio*,[1] and a further document licensing Anadarko to go onto the premises and operate the gas pipeline compressor station located there. Finally, it is also undisputed that Panhandle never did execute and record a release of the lease.

---

[1]Both the original assignment agreement and the agreement of voidance expressly stated that they were governed by a "Facilities Sale Agreement," which had been entered into by Panhandle and Anadarko in September 1994. See App. Vol. II, Tab L at 99, 101.

The district court fully set out the procedural history, facts, and a detailed analysis of the law in a twenty-two page "Memorandum and Order" filed January 8, 1997, treating the motions by all parties as motions for summary judgment, and granting the motions of Panhandle and Anadarko. It denied the Sherwoods' motion. See App. Vol. III, Tab V. It would be redundant for us to restate here what the district court has so ably done. Accordingly, we adopt and incorporate the district court's opinion.

Significantly, the Sherwoods' appeal does not mount any serious direct attack on the facts or analysis as such of the district court. Rather, the appeal asserts that the district court erred in not permitting additional discovery, in not drawing all inferences in favor of the Sherwoods, and in having an insufficient evidentiary basis to support a summary judgment. See Appellants' Reply Br. at 7-8.

## DISCUSSION

We review the grant of summary judgment de novo to determine whether, based on the pleadings and other documents on file, any genuine issue of material fact exists. Fed. R. Civ. P. 56(c); see Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990). We review rulings on discovery matters for abuse of discretion. GWN Petroleum Corp. v. Ok-Tex Oil & Gas, Inc., 998 F.2d 853, 858 (10th Cir. 1993).

The Sherwoods first argue that before determining whether Anadarko is currently a licensee, the district court should have allowed discovery so that it could review all the circumstances of Anadarko's current status, including the Facilities Sale Agreement and Panhandle's and Anadarko's accounting records.[2] Appellants' Br. at 14-15, 21. Discovery in this case proceeded as follows. After filing their petition against Panhandle in July 1996, the Sherwoods served on Panhandle in August a Request for Admissions, Interrogatories, a Request for Production of Documents, and a Notice to Take Deposition. App. Vol. I, Tab B. In particular, these initial discovery requests sought the Facilities Sale Agreement.[3] See App. Vol. III, Tab S at 343. There was no immediate motion to compel any of this discovery.

In October, the Magistrate Judge held a scheduling conference. After being informed that the parties intended to file Motions for Judgment on the Pleadings,

---

[2]The Sherwoods sought discovery of Panhandle's and Anadarko's accounting records because they believed that "[i]f there are no appropriate, contemporaneous accounting entries in the books and records of each corporation reflecting the financial reality of the August 15, 1996 reversal transactions, that fact would inescapably lead to the conclusion the Agreement of Voidance and License Agreement were never intended to be, or considered by [Panhandle] and Anadarko to be, bona fide transactions." App. Vol. III, Tab S at 339.

[3]The Sherwoods also sought copies of records indicating the volume of gas transported, compressed, or processed through the facilities, as well as copies of any income tax returns showing any income tax deduction or benefit that Panhandle may have realized as a result of the assignment to Anadarko. App. Vol. III, Tab S at 343. At this point, the Sherwoods did not seek any accounting records.

the Magistrate entered an initial scheduling order, which, among other things, created a stay on all discovery proceedings pending disposition of the motions.[4] App. Vol I, Tab J at 74-75. However, the Magistrate's order provided that if any party believed further discovery should be conducted, that party should file a motion to request discovery. App. Vol. I, Tab J at 75. No such motion was filed by the Sherwoods at the time.

The day after the hearing, the Sherwoods filed their Motion for Judgment on the Pleadings, asking the court to declare that the lease had been terminated by Panhandle's breach of the covenant against assignment. About two weeks later, Panhandle filed its Motion for Judgment on the Pleadings, seeking a declaration that the lease remained in full force and effect, and Anadarko filed a Motion for Summary Judgment on the forcible detainer action.

In November, the district court heard oral arguments on the motions, and by this time, the Sherwoods' arguments had evolved somewhat. In addition to asserting that Panhandle's breach had caused a termination of the lease, the Sherwoods now argued that it was essential to review the Facilities Sale Agreement because it would probably show that Panhandle had intentionally breached the covenant against assignment by assigning the lease through a

---

[4]At the time the stay was entered, the only discovery that had been conducted was the September deposition of Jerald Sherwood. App. Vol. III, Tab T at 359.

quitclaim conveyance.[5]  According to the Sherwoods, a quitclaim conveyance would mean that Panhandle had effectively abandoned the lease and would therefore allow the Sherwoods to rescind the lease.  In response, Panhandle and Anadarko offered to provide the Facilities Sale Agreement for the court to review in camera.  App. Vol. IV at 38-41, 46-48.  The court declined the offer, finding such review unnecessary.

In December, more than one month after the hearing on the motions, the Sherwoods filed a Motion for Allowance of Discovery, seeking, in particular, the Facilities Sale Agreement as well as accounting records, and requesting a stay on all pending motions until discovery was complete.  App. Vol. III, Tab R.  At this point, the Sherwoods' arguments had evolved yet again.  Now, the Sherwoods argued that because the voidance agreement between Panhandle and Anadarko was governed by the Facilities Sale Agreement, it was likely a "sham transaction without legal effect."  App. Vol. III, Tab S at 337.   In response, both Panhandle and Anadarko again offered to provide the Facilities Sale Agreement, this time to the Sherwoods under a protective order.  App. Vol. III, Tab T at 360; id., Tab U at 371.  The Sherwoods did not accept this offer.[6]

---

[5]The Sherwoods raised this argument for the first time in their response to Panhandle's Motion for Judgment on the Pleadings.  See App. Vol. II, Tab N at 231-32.

[6]The offer to provide the Facilities Sale Agreement was made on December 19, 1996, three weeks before the district court's ruling, and the Sherwoods do not argue that

(continued...)

Based on this procedural history, we are unpersuaded that the district court abused its discretion in refusing the requested discovery. The district court had before it and carefully considered the pertinent documents—the original Assignment and Conveyance, the Agreement of Voidance, and the License Agreement. In the absence of a direct allegation of fraud, an allegation which the Sherwoods do not make, there was no reason for the court to doubt the validity of these documents. In addition, we note that many of the Sherwoods' concerns regarding Anadarko's current status as either an assignee or a licensee may have been resolved had they taken the opportunity to review the Facilities Sale Agreement. We can hardly fault the court for declining to review a document that the Sherwoods themselves chose not to review.

As for the accounting records, although the Sherwoods knew about the agreement of voidance and the license agreement when Panhandle filed its Answer in August, they did not seek discovery on the bookkeeping entries until December, after the motions had been filed and the court had held a hearing.[7] See App. Vol. III, Tab R at 328; see generally Worm v. American Cyanamid Co., 5 F.3d 744, 749 (4th Cir. 1993) (finding no abuse of discretion and upholding the

---

[6](...continued)
they had insufficient time to act upon it.

[7]Although the Sherwoods did list the accounting records as relevant documents in their initial Rule 26(a)(1) disclosures in October, they did not actually request these records in discovery until December.

denial of motion for additional discovery because there had been adequate time for discovery and the requesting party had not made a timely request); Turnage v. General Electric Co., 953 F.2d 206, 208-09 (5th Cir. 1992) (finding no abuse of discretion and upholding the denial of a discovery motion because requesting party had failed to make the request until trial was imminent and the discovery deadline was impending).

The Sherwoods' second argument is that when all inferences from the evidentiary record are drawn in the their favor, it is evident that the evidentiary record was insufficient to support an entry of summary judgment against them. Appellants' Reply Br. at 8. However, the Sherwoods' assertions regarding the accounting records and the Facilities Sale Agreement do not require the court to draw reasonable inferences, but instead require the court to inappropriately engage in mere speculation. Contrary to the Sherwoods' assertion, we do not draw a negative inference from Panhandle's failure to produce the Facilities Sale Agreement, see Appellants' Br. at 15-16, because, as described above, Panhandle did in fact offer to produce the document.

The Sherwoods also challenge the district court's interpretation of a letter sent by Jana Hamilton, a Panhandle employee, to Jerald Sherwood stating that, "As the existing Lease is not assignable from Panhandle to Anadarko, Anadarko will be negotiating their own Lease covering this site. When that has been

accomplished, Panhandle will execute a Release of Lease and have it recorded in Morton County, Kansas." App. Vol. II, Tab P at 279. Based on this language, the court inferred that Panhandle had not abandoned the lease, an inference which the Sherwoods now assert was unreasonable. See Appellants' Br. at 18. We disagree. In fact, the district court's conclusion did not require an inference at all, but was supported by the explicit language of the letter. It is also significant that the Sherwoods do not dispute the fact that Panhandle did not and has not executed and recorded a release of the lease.

We conclude, therefore, that the district court did not abuse its discretion in not allowing the requested discovery, did not fail to accord favorable, permissible inferences to the Sherwoods, and did have an adequate evidentiary basis upon which to grant summary judgment. We further conclude, as did the district court, that no genuine issues of material fact remain, and summary judgment was appropriately entered against the Sherwoods.

## CONCLUSION

We have fully considered every argument adequately raised and developed by the Sherwoods in the district court and in their brief-in-chief on appeal, addressing those which warranted discussion.  As stated above, we conclude that the district court did not err.  Accordingly, the judgment of the district court in favor of Panhandle and Anadarko is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge